FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 4 2003

at 8 o'clock and 45 min. A.M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK STEPHEN CHESLER,<br><br>    Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civ. No. 03-00660 HG-BMK<br>Crim No. 02-00526 HG-01<br><br>ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
AND
DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

On April 3, 2003, the United States filed a Memorandum of Plea Agreement between the Government and Petitioner Mark Stephen Chesler ("Petitioner"). The agreement stipulated that Petitioner would enter a voluntary plea of guilty to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On April 22, 2003, Petitioner's guilty plea was accepted by this Court and Petitioner was adjudged guilty.

On September 15, 2003, Petitioner was sentenced to 5 years of probation, under specified conditions and 6 months of home detention, and a fine of $10,000 was imposed upon him.

On December 3, 2003, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. Also on that date, Petitioner filed an Application to Proceed without Prepayment of Fees and Affidavit ("IFP Petition").

Having considered the papers submitted, the record in the case, and the applicable law, the Court DENIES Petitioner's § 2255 petition, and DENIES Petitioner's IFP Petition as moot.

## DISCUSSION

This Court accepted Petitioner's guilty plea and adjudged Petitioner guilty in an Order filed April 22, 2003. Petitioner was sentenced at a hearing on September 15, 2003. His sentence was memorialized in a Minute Order filed on that date and in a Judgment filed on September 18, 2003.

Pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner had 10 days from the entry of "the judgment or the order being appealed" to file his notice of appeal. See United States v. Schwartz, 274 F.3d 1220, 1223-24 (9th Cir. 2001). Petitioner's sentence became final, at the latest, on September 28, 2003, 10 days after the September 18, 2003 Judgment was filed.

Pursuant to the Plea Agreement filed April 3, 2003, Petitioner waived his right to appeal his sentence, with certain specified exceptions.

Petitioner filed his Motion Under 28 U.S.C. § 2255 within 1 year of the date on which the judgment of his sentence became final, as required by the statute.

Pursuant to the Plea Agreement filed April 3, 2003, Petitioner also waived his right to challenge his sentence in any collateral attack, including a motion brought under 28 U.S.C. § 2255, except that he maintained the right to bring such a challenge on the basis, inter alia, of a claim of ineffective assistance of counsel.

Petitioner's § 2255 Motion alleges, as the ground on which the motion is based, the denial of effective assistance of counsel. Nevertheless, the relief that Petitioner seeks is unavailable under a § 2255 motion. A motion for habeas relief under 28 U.S.C. § 2255 must be filed by a person who is "in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002), cert. denied, ___ U.S. ___, 124 S. Ct. 99 (2003) (citations and footnotes omitted). Petitioner's Motion challenges his sentence with respect to the fine imposed upon him, it is not a challenge claiming unlawful custody. Petitioner does not claim a right to be released. Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is DENIED.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court having denied Petitioner's § 2255 Motion, hereby DENIES Petitioner's IFP Petition as moot.

### CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS that:

Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is DENIED;

Petitioner's IFP Petition is DENIED as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 24, 2003.

HELEN GILLMOR
United States District Judge

---

Mark Stephen Chesler v. United States of America, Civ. No. 03-00660 HG-BMK; Crim. No. 02-00526 HG-01; Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 and Denying Petitioner's Application to Proceed Without Prepayment of Fees

4